IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

REBECCA MORGAN (01)

No. 4:25-CR-282-P

## FACTUAL RESUME

PLEA: One Count Information, Providing Material Support to Terrorists, violation of 18 U.S.C. § 2339A

### MAXIMUM PENALTY:

- Imprisonment not to exceed 15 years;
- A fine not to exceed $250,000 or both a fine and imprisonment;
- A supervised-release term not to exceed three years, which would follow any prison term. If the defendant violates any of the supervised-release conditions, the Court could revoke the defendant's supervised release and order the defendant to serve additional time in prison;
- A $100 mandatory special assessment;
- Forfeiture of property; and
- Restitution

### ELEMENTS OF THE OFFENSE:

The essential elements that must be proved beyond a reasonable doubt to establish the offense charged are as follows:

First:    The defendant provided, attempted to provide, or conspired to provide material support or resources, or concealed or disguised, attempted to conceal or disguise, or conspired to conceal or disguise the nature, location, source, or ownership of material support or resources in the manner described in the indictment; and

Second:    The defendant knew, intended, or reasonably should have known as a foreseeable consequence of the conspiracy, that the material support or resources

were to be used to carry out the concealment of an escape from the commission of 18 U.S.C. § 1114.

STIPULATED FACTS:

On or about July 4, 2025, an Antifa cell conducted an act of terrorism targeting the Prairieland Detention Center (Prairieland) in Alvarado, Texas, which included attempted murder of two officers of the United States Government and one police officer assisting such officers, in violation of 18 U.S.C. § 1114. The Antifa cell's act of terrorism was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct. On or about July 5, 2025, Rebecca Morgan learned of the terrorism and attempted murder and learned that Coconspirator-1 had escaped immediate arrest and was hiding in the woods near Prairieland. On July 6, 2025, Morgan then conspired with others to provide property, lodging, communications equipment, personnel, and transportation, knowing and intending that such support was to conceal Coconspirator-1's escape from the act of terrori m.

For example, on or about July 7, 2025, a coconspirator drove Coconspirator-1 to a Home Deport on Coit Road in Dallas, Texas. There, Coconspirator-1 was handed off to Morgan. The coconspirator also gave Morgan clothes, food, and additional supplies to sustain Coconspirator-1 while concealing him from law enforcement. Morgan then drove Coconspirator-1 to Morgan's apartment on Meadowcreek Drive in Dallas where she concealed Coconspirator-1 until law enforcement arrested Coconspirator-1 at Morgan's apartment on July 15, 2025. Morgan knew and intended that this transfer was to keep Coconspirator-1 concealed in order to facilitate Coconspirator-1's escape from capture for an act of terrorism, namely, a violation of 18 U.S.C. § 1114.

SIGNED this 29th day of October, 2025.

_____
REBECCA MORGAN
Defendant

_____
ROSE ROMERO
Counsel for Defendant